E-FILED
Thursday, 19 January, 2017  11:48:12 AM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK

RUSHVILLE

SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions.**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: 1/    /2017

Name: POWERS    VS. DREDGE et al;

Case Number: NEW CASE    ☒ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☐ Motion / Petition

☐ Response / Reply

☒ Other (Specify) 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT

Title of Pleading: WITH AN ATTACHED MEMORANDUM OF LAW

(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not including Scanning Cover Sheet): 10

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, DIVISION

| | |
|---|---|
| THOMAS J. POWERS _____, | ] CASE NO: _____ |
| PLAINTIFF, | ] |
| | ] |
| vs. | ] JUDGE PRESIDING: |
| | ] THE HONORABLE _____ |
| | ] |
| STEVE DREDGE | ] "JURY DEMAND" |
| CAMEY DUNBAR | ] |
| MACOY COMINSKEY | ] PLAINTIFF SEEKS BOTH INJUNCTIVE |
| GREGG SCOTT | ] AND MONETARY RELIEF |
| KRISTIN WILCOXIN | ] |
| | ] 42 U.S.C 1983 CIVIL RIGHTS |
| DEFENDANT'S, | ] COMPLAINT WITH ATTACHED |
| | ] MEMORANDUM OF LAW: |
| | ] |
| | ] |
| | ] |
| | ] |
| | ] |

BEFORE ME THE UNDERSIGNED AUTHORITY ON THIS DAY PERSONALLY APPEARED
THOMAS J. POWERS _____, WHO AFTER BEING DULY SWORN UPON HIS OATH
AND UNDER THE PENALTY OF PERJURY IN ACCORDANCE WITH THE LAWS OF THE UNITED
STATES OF AMERICA HEREBY DEPOSES, AVERS, SWEARS, TESTIFIES, AND STATES AS FOLLOWS

THIS IS A TRUE AND CORRECT STATEMENT WHICH DID OCCUR, AND I AM WILLING TO
TESTIFY IN THIS HONORABLE UNITED STATES DISTRICT COURT PURSUANT TO THE PENALTY
OF PERJURY TO ALL THE FACTS CONTAINED HEREIN PURSUANT TO 28 U.S.C. 1746,
AND BY MY SIGNATURE THIS I DO HEREBY SWEAR IN THIS VERIFIED COMPLAINT.

Respectfully Submitted,

/s/ _____

Thomas J. Powers
17019 County Farm Road
Rushville, Illinois  62681
(217) 322-3204

NOTARY PUBLIC

SUBSCRIBED AND SWORN TO BEFORE ME

ON THIS 18 DAY OF JANUARY/2017

_____
NOTARY PUBLIC

SARAH DODDS
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 1, 2019

-1-

JURISDICTION:

1.     THE JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO
THE CIVIL RIGHTS ACT, 42 U.S.C. 1983 et. seq. THE JUDICIAL CODE,
28 U.S.C 1331 AND 1343 (a), AND SUPPLEMENTARY JURISDICTION
PURSUANT TO 1367 (a), AND A REQUEST FOR INJUNCTIVE RELIEF
PURSUANT TO OFFICIAL CAPACITY CLAIMS UNDER RLUIPA FED.R.CIV.P.
RULE 65.

VENUE:

2.     PURSUANT TO 28 U.S.C.  SECTION 1391 (a)(1) AND 29 U.S.C.
SECTION 1132 (e)(2), VENUE IS PROPER IN THE CENTRAL DISTRICT
OF ILLINOIS, AS THIS IS WHERE THE CONSTITUTIONAL BREACH OCCURRED.

PARTIES:

3.     THE PLAINTIFF__THOMAS J. POWERS_____,WAS AT ALL TIMES
RELEVANT TO THIS COMPLAINT A CITIZEN OF THE UNITED STATES OF
AMERICA, AND AS SUCH IS GUARENTEED ALL THE RIGHTS, PRIVELEGES,
IMMUNITIES, AND SAFEGARDS OF THE CONSTITUTION AND IS ENTITLED
TO ITS PROTECTIONS. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE
REMEDIES.

-2-

4.    DEFENDANT STEVE DREDGE, IS THE SUPERVISOR OF ARAMARK
FOOD SERVICES, AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A CONTRACTUAL
EMPLOYEE OF THE STATE OF ILLINOIS WHILE ACTING IN THE COURSE AND SCOPE OF
HIS DUTIES WHILE ACTING UNDER COLOR OF STATE LAW, AND ENGAGING IN THE CONDUCT
COMPLAINED OF HEREIN. THIS DEFENDANT WAS PERSONALLY RESPONSIBLE FOR THE
CONDUCT COMPLAINED OF HEREIN, AND IS SUED IN BOTH HIS INDIVIDIUAL CAPACITY,
AS WELL AS IN HIS OFFICIAL CAPACITY, FOR THE PURPOSES OF INJUNCTIVE RELIEF.

5.    DEFENDANT CAMEY DUNBAR, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT
A CONTRACTUAL EMPLOYEE OF THE STATE OF ILLINOIS WHILE ACTING IN THE COURSE
AND SCOPE OF HER DUTIES WHILE ACTING UNDER COLOR OF STATE LAW, AND ENGAGING
OF THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT WAS PERSONALLY AND
DIRECTLY INVOLVED AND IS SUED IN HER INDIVIDIUAL CAPACITY.

6.    DEFENDANT MACOY COMINSKEY, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT
A CONTRACTUAL EMPLOYEE OF THE STATE OF ILLINOIS WHILE ACTING IN THE COURSE
AND SCOPE OF HER DUTIES WHILE ACTING UNDER COLOR OF STATE LAW, AND ENGAGING
IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT WAS PERSONALLY AND
DIRECTLY INVOLVED AND IS SUED IN HER INDIVIDIUAL CAPACITY.

7.    DEFENDANT GREGG SCOTT, IS THE SENIOR PUBLIC SERVICE ADMINISTRATOR
IN CHARGE OF OVERSEEING "ALL" DEPARTMENTS, INCLUDING SECURITY,MAINTENANCE,
"DIETARY", HEALTHCARE, AND FISCAL, ALONG WITH ENSURING THAT ALL SERVICES
ARE MADE AVAILABLE TO THE PLAINTIFF AND ALL OTHER RESIDENTS OF THE ILLINOIS
DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY. THIS DEFENDANT
WAS AT ALL TIMES RELEVANT OF THIS COMPLAINT AN EMPLOYEE OF THE STATE OF
WHILE ENGAGING IN A COURSE AND SCOPE OF HIS DUTIES WHILE ACTING UNDER COLOR
OF STATE LAW,AND IS SUED IN HIS OFFICIAL CAPACITY, FOR THE PURPOSE OF
OF INJUNCTIVE RELIEF.

8.    DEFENDANT KRISTIN WILCOXIN, WAS AT ALL TIMES RELEVANT TO THIS
COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE
OF HER DUTIES WHILE ACTING UNDER COLOR OF STATE LAW, AND ENGAGING IN THE
CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT WAS PERSONALLY AND DIRECTLY
INVOLVED AND IS SUED IN HER INDIVIDIUAL CAPACITY.

-3-

FACTS:

9.    I AM A KASHRUT OBSERVANT MESSIANIC HEBREW WHO IS A
DESCENDANT OF THE TEN LOST TRIBES OF ANCIENT ISRAEL, AND AM
REQUIRED TO FOLLOW THE LAWS OF THE HEBREW BIBLE, INCLUDING THE
LAWS REGARDING HOW TO KEEP A HOLY DIET, AS WELL AS THE OBSERVANCE
OF THE FESTIVAL OF THE SABBATH AS SET FORTH IN LEVITICUS, EXODUS,
& DEUTERONOMY.

10.    ONE OF THE TWO MAIN COMMANDMENTS OF THE MESSIANIC HEBREW
RELIGION IS THE REQUIREMENT TO FOLLOW AND KEEP A KASHRUT DIET
WHICH IS A SIGNIFICANT PART OF THE MESSIANIC HEBREW RELIGION
BECAUSE IT MEANS THAT EVERY PIECE OF FOOD THAT A MESSIANIC HEBREW
CONSUMES IS BLESSED AND APART OF HIS WORSHIP OF GOD, AND BY
FAILING TO PROPERLY OBSERVE THE LAWS THAT YAHUAH HAS LAID DOWN
FOR HIM IS THE SAME AS ANY INDIVIDIUAL WHO VIOLATED OR BROKE
THE LAW OF ANY COUNTRY OR NATION. HE WOULD BE BREAKING THE LAWS
OF GOD HIMSELF, AND THE SPIRITIUAL BOND BETWEEN HIMSELF AND
THE KING OF ISRAEL , THE GOD OF ABRAHAM, ISSACC, AND JACOB,
THEREBY CAUSING A SEPERATION, A SENSE OF SADNESS, AND SPIRITIUAL
DEPRESSION BECAUSE HE IS UNABLE TO FULFILL THE LAWS OF GOD,
AND PLACING A TREMENDOUS AND SUBSTANTIAL BURDEN ON THE EXERCIZE
OF THE PLAINTIFFS RELIGION.

11.    THE ADMINISTRATIVE OFFICIALS OF THE ILLINOIS DEPARTMENT
OF HUMAN SERVICES DHS STAFFED FACILITY HAS FAILED TO ENSURE
THAT THE FOOD SERVED TO THE PLAINTIFF WAS EITHER KOSHER OR
SANITARY IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS
CLAUSE IN RETALIATION AGAINST THE PLAINTIFF FOR THE ADDITIONAL
EXPENSE OF HIS KOSHER MEALS WHICH ARE REQUIRED HERE AT THE
RUSHVILLE-TDF.

-4-

12.   THE ARAMARK FOOD SERVICES INC STAFF HAVE ALSO FAILED
TO ENSURE THAT THE FOOD PREPARATION AND THE FOOD SERVED TO THE
PLAINTIFF WAS EITHER KOSHER OR SANITARY IN VIOLATION OF THE
FOURTEENTH AMENDMENT DUE PROCESS CLAUSE IN RETALIATION AGAINST
THE PLAINTIFF FOR THE ADDITIONAL EXPENSE OF HIS KOSHER MEALS,
WHICH ARE REQUIRED HERE AT THE RUSHVILLE-TDF.

13.   THE INTENTIONAL CONTAMINATION AND CROSS-CONTAMINATION
OF MY KOSHER MEALS IN VIOLATION OF THE CENTRAL TENANTS OF MY
RELIGION HAS NOT BEEN CONFINED TO THE VIOLATIONS OF  SEPERATION
OF MEAT AND DAIRY WHICH OCCUR ON A DAILY BASIS.

14.   MY COMPLAINT CONSIST OF MULTIPLE CONSTITUTIONAL VIOLATIONS
OF:   (1). INHUMANE CONDITIONS OF CONFINEMENT.  (2). DELIBERATE
INDIFFERENCE   (3). VIOLATIONS OF THE PLAINTIFFS  FIRST AMENDMENT
FREE EXERCIZE CLAUSE.  (4).  RLUIPA VIOLATIONS.  (5). CLAIMS
OF RETALIATION AGAINST THE PLAINTIFF FOR EXERCIZING HIS FIRST
AMENDMENT RIGHTS.

15.   THE SEPERATION OF MEAT AND DAIRY IS NOT BEING FOLLOWED.

16.   THE NECESSARY STEPS TO PREVENT CONTAMINATION DURING
PRE AND POST PREPARATION/DELIVERY OF MEALS IS NOT BEING FOLLOWED.

17.   I AM NOT RECIEVING ALL THE DESIGNATED FOOD ITEMS LISTED
ON THE KOSHER MENU.   REQUIRED DESIGNATED FOOD ITEMS ARE BEING
TAKEN AWAY BY ARAMARK EMPLOYEES CAMEY DUNBAR, COMINSKEY, AND
ARAMARK SUPERVISOR STEVE DREDGE WITHOUT SUITABLE REPLACEMENTS
BEING PROVIDED TO MEET THE REQUIREMENTS OF NUTRITIONAL ADEQUACY
AS SET FORTH AND CERTIFIED (IN WRITING) BY ARAMARKS REGISTERED
DIETITION "CRAWLEY", WHICH HAS ALSO BEEN APPROVED AND REQUIRED
(IN WRITING) BY GREGG SCOTT, THE FACILITY DIRECTOR OF THE
RUSHVILLE-TDF.

18.   I AM  FORCED TO EAT MEALS THAT ARE PREPARED ON THE HOLY SABBATH
IN STRICT VIOLATION OF THE MAIN PILLAR AND MOST CENTRAL TENANT OF MY RELIGION
OR ELECT TO GO HUNGRY. (THE DEFENDANTS REFUSE TO PROVIDE ANY REASONABLE ALTERNATIVES).

-5-

19.   THE FOOD THAT I AM PRESENTLY BEING SERVED DOES NOT MEET
THE MINIMAL STANDARDS OF SAFETY, AND CONTAINS CONTAMINANTS OF
BODILY FLUIDS OF BOTH URINE AND FECES, AND IS KNOWINGLY BEING
PREPARED BY HAND SELECTED INDIVIDIUALS  WITH COMMUNICABLE
DISEASES, WHICH PRESENTS AN IMMEDIATE THREAT TO THE PLAINTIFFS
PERSONAL SAFETY, AND HAS BEEN BEEN RESPONSIBLE FOR MAKING THE
PLAINTIFF PHYSICALLY ILL, ALONG WITH PREVENTING ME FROM RECIEVING
THE ADEQUATE NUTRITION THAT I AM BOTH LEGALLY ENTITLED TO, AND
REQUIRED TO BE PROVIDED. (AS I AM NOW FORCED TO FOREGO ALL
UNSEALED FOOD PRODUCTS).

20.   THE DEFENDANT'S HAVE FAILED TO ENSURE THAT THE FOOD
PREPARATION AND FOOD SERVED TO THE PLAINTIFF WAS SANITARY IN
VIOLATION OF THE FOURTEENTH AMENDMENT DUE-PROCESS CLAUSE, AND
HAS INTENTIONALLY SELECTED INDIVIDIUALS THAT WERE PREVIOUSLY
FIRED FOR ENGAGING IN ANAL SEX IN THE KITCHEN,  HAVE OPENLY
DECLARED THEMESELVES TO BE DEVIL WORSHIPPERS,  AND KNOWINGLY
HAVE TESTED POSITIVE FOR HEPATITIS AND H.I.V. TO PREPARE THE
KOSHER DIETS.

21.   PLAINTIFF HAS DILIGENTLY SOUGHT TO ADDRESS THESE MATTERS.
PLAINTIFF HAS BROUGHT THESE FACTS TO THE PERSONAL ATTENTION
OF THE DEFENDANTS BOTH IN WRITING, AS WELL AS IN MULTIPLE FACE
TO FACE ENCOUNTERS.

22.   PLAINTIFFS PLEAS FOR HELP HAVE CONTINUED TO FALL UPON
DEAF EARS.

23.   PLAINTIFF HAS ALSO RECIEVED VARIOUS COLORFUL RESPONSES
FROM ARAMARK EMPLOYEES TO THE EFFECT OF: "OH-WELL",  "LIKE IT
OR LUMP IT",  "WRITE IT UP",  "SUE US IF YOU DON'T LIKE IT",
ALONG WITH THE MOST CONSISTANT RESPONSE OF ALL WHICH IS DELIVERED
THROUGH CONSISTANT STATEMENTS OF "FUCK-YOU", EACH TIME I ATTEMPT
TO REPORT MY INABILITY TO EAT THE RANCID CONTAMINATED FOOD
THAT I AM BEING PROVIDED IN LIEU OF MY RELIGIOUSLY REQUIRED
KOSHER NEEDS.

-6-

24.    PLAINTIFF STATES THE FOLLOWING CONSTITUTIONAL CLAIMS AND REQUEST THE THIS HONORABLE COURT WILL ORDER THE DEFENDANT'S  TO PROVIDE ANSWER TO THE FOLLOWING CONSTITUTIONAL CLAIMS SET FORTH HEREIN:

1).    INHUMANE CONDITIONS OF CONFINEMENT.

2).    DELIBERATE INDIFFERENCE.

3).    VIOLATIONS OF THE PLAINTIFFS FIRST AMENDMENT FREE EXERCIZE CLAUSE.

4).    RLUIPA VIOLATIONS.

5).    CLAIMS OF RETALIATION AGAINST THE PLAINTIFF FOR EXERCIZING HIS FIRST AMENDMENT RIGHTS FOR THE ADDITIONAL EXPENSE OF HIS KOSHER MEALS WHICH ARE REQUIRED HERE AT THE RUSHVILLE-TDF.


WHEREFORE, THE PLAINTIFF HAS MULTIPLE CLAIMS FOR HIS PURSUIT OF DAMAGES THAT ENTAIL BOTH A CLAIM AGAINST GREGG SCOTT (SPSA), AND ARAMARK SUPERVISOR STEVE DREDGE IN THEIR OFFICIAL CAPACITIES FOR FOR THE PURPOSE OF INJUNCTIVE RELIEF PURSUANT TO RLUIPA, AS THE FEDERAL STATUTE DOES NOT SUPPORT A PRIVATE CAUSE OF ACTION FOR MONEY DAMAGES.

SECONDLY PLAINTIFF ALSO SEPERATELY AND UNINCLUDED FROM HIS OFFICIAL CAPACITY CLAIMS ALSO DEMANDS SUBSTANTIAL, ACTUAL, COMPENSATORY DAMAGES, JOINTLY AND SEVERALLY FROM THE DEFENDANTS NAMED IN THIS COMPLAINT. ADDITIONALLY, BECAUSE THE DEFENDANT'S ACTED MALICIOUSLY, WILLFULLY, WANTONLY, AND OR IN RECKLESS DISREGARD OF THE PLAINTIFFS CONSTITUTIONAL RIGHTS, THE PLAINTIFF ALSO DEMANDS PUNITIVE    DAMAGES FROM THESE DEFENDANTS. PLAINTIFF ALSO DEMANDS COST, FEES, PAST, PRESENT, FUTURE, AND ANY SUCH OTHER RELIEF THAT THE HONORABLE COURT DEEMS BOTH EQUITABLE AND JUST.


Respectfully Submitted,

/s/

Thomas J. Powers

17019 County Farm Road

Rushville, Illinois 62681

(217) 322-3204

NOTARY PUBLIC

SUBSCRIBED & SWORN TO BEFORE ME

ON THIS 18 DAY OF JANUARY 2017

NOTARY PUBLIC

SARAH DODDS
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 1, 2019

ARGUMENT

THE DUE-PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT PROTECTS PRETRIAL
DETAINEES FROM THE CRUEL AND UNUSUAL CONDITIONS OF CONFINEMENT. WILLIAMS
VS. RODRIGUEZ, 509 F.3d 392,401 (7th. Cir. 2007). ALTHOUGH DETAINEE'S CANNOT
EXPECT THE AMMENITIES,CONVIENCES, AND SERVICES OF A GOOD HOTEL.HARRIS V.
FLEMING, 839 F.2d 1232, 1235 (7th.Cir. 1988). THEY HAVE A RIGHT TO
"NUTITIONALLY ADEQUATE" FOOD THAT IS PREPARED AND SERVED UNDER CONDITIONS
WHICH DO NOT PRESENT AN IMMEDIATE DANGER TO THEIR HEALTH AND WELL BEING.
FRENCH V. OWENS, 777 F.2d. 1250, 1255 (7th.Cir. 1985).

IN THE PRESENT CASE THIS IS NOT HAPPENING. THE PLAINTIFF IS NOT
RECIEVING ALL THE DESIGNATED FOOD ITEMS LISTED ON THE KOSHER MENU, AND THE
REQUIRED DESIGNATED FOOD ITEMS ARE BEING TAKEN AWAY BY ARAMARK EMPLOYEES,
CAMEY DUNBAR, COMINSKEY,AND ARAMARK SUPERVISOR STEVE DREDGE, WITHOUT ANY
SUITABLE REPLACEMENTS BEING PROVIDED TO MEET THE REQUIREMENTS OF NUTRITIONAL
ADEQUACY AS SET FORTH AND CERTIFIED (IN WRITING) BY ARAMARKS REGISTERED
DIETITION "CRAWLEY", WHICH HAS ALSO BEEN APPROVED AND REQUIRED (IN WRITING)
BY GREGG SCOTT,THE FACILITY DIRECTOR OF THE RUSHVILLE TDF.

ADDITIONALLY THE FOOD THAT THE PLAINTIFF IS BEING SERVED IN LIEU
OF HIS RELIGIOUSLY BASED KOSHER DIET DOES NOT MEET THE MINIMAL STANDARDS
OF SAFETY, AND CONTAINS CONTAMINANTS OF BODILY FLUIDS OF BOTH URINE AND FECES,
AND IS KNOWINGLY BEING PREPARED BY HANDSELECTED INDIVIDIUALS WITH COMMINCABLE
DISEASES , WHICH PRESENT AN IMMEDIATE THREAT TO THE PLAINTIFFS PERSONAL SAFETY,
AND HAS BEEN RESPONSIBLE FOR MAKING THE PLAINTIFF PHYSICALLY ILL,ALONG WITH
PREVENTING ME FROM RECIEVING THE ADEQUATE NUTRITION THAT I AM BOTH LEGALLY
ENTITLED TO, AND REQUIRED TO BE PROVIDED.(AS I AM NOW BEING FORCED TO FOREGO
ALL UNSEALED FOOD PRODUCTS).

THE CONSTANT PRESENSE OF CONTAMINANTS CAN RISE TO CONSTITUTIONAL
LEVELS. SEE: PRITCHETT V. PAGE, NO; 99-C-8174  2000 WL 1129891 at  * 5,
(N.D. ILL. AUGUST 9, 2000), AND THE PLAINTIFFS DECLARATION THAT HE FREQUENTLY
BECOMES PHYSICALLY ILL AFTER MEALS SATISFIES THE PHYSICAL INJURY  REQUIREMENT
OF 42 U.S.C. 1997 (e). IN HELLING V. MCKINNEY, 509 U.S. 25, 33 (1993).(A
CASE    CONCERNING AN INMATES EXPOSURE TO ENVIROMENTAL TOBACCO SMOKE, THE
SUPREME COURT OBSERVED:  THIS WAS ONE OF THE PRISON CONDITIONS FOR WHICH
THE 8th AMENDMENT REQUIRED A REMEDY, EVEN THOUGH IT WAS NOT ALLEGED THAT
THE LIKELY HARM WOULD OCCUR IMMEDIATELY AND EVEN THOUGH THE POSSIBLE INFECTION
MIGHT NOT EFFECT ALL THOSE EXPOSED.

WE THINK THAT A PRISON INMATE ALSO COULD SUCCESSFULLY COMPLAIN ABOUT
DEMONSTRABLY UNSAFE DRINKING WATER WITHOUT WAITING FOR AN ATTACK OF DYSENTARY.
NOR CAN WE HOLD THAT PRISON OFFICIALS MAY BE DELIBERATELY INDIFFERENT TO
THE EXPOSURE OF INMATES TO A SERIOUS COMMUNICABLE DISEASE ON THE GROUNDS
THAT THE COMPLAINING INMATE SHOWS NO SERIOUS SYMPTOMS. 509 U.S. at 33.

THATS WHAT EVEN MAKES THE DEFENDANT'S ACTIONS ALL THAT
MORE EGREGIOUS, BECAUSE CLAIMS CONCERNING THE CONDITIONS OF
CONFINEMENT  OF CIVIL DETAINEES ARE ASSESSED UNDER THE DUE-PROCESS
CLAUSE OF THE FOURTEENTH AMENDMENT. WEST VS. SCHWEBKE, 333 F.3d.
745, 747-48 (7th. Cir. 2003). CIVIL DETAINEE'S  ARE ENTITLED
TO MORE CONSIDERATE TREATMENT AND CONDITIONS OF CONFINEMENT
THAN CRIMINALS  WHOSE CONDITIONS ARE DESIGNED TO PUNISH. SEE:
YOUNGBERG V. ROMEO, 457 U.S. 307, 321-22, 22 S.Ct. 2452, 73
L.Ed. 2d. 28 (1982).   HOWEVER, THE DEFENDANTS OF THE ILLINOIS
DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY
AND ARAMARK FOOD SERVICES DEFENDANTS, HAVE TREATED THE PLAINTIFF
IN WAYS THAT ARE NOT ONLY UNACCEPTABLE TO PRISONERS THAT ARE ACTIVELY SERVING
A PUNITIVE SENTENCE IN PRISON WITH THE SOLE PURPOSE OF PUNISHING THEM, BUT
ALSO IN WAYS THAT A CIVILIZED SOCIETY WOULD NOT LEGALLY TOLERATE TOWARDS
STRAY ANIMALS.

PLAINTIFF HAS REPEATEDLY PLEAD FOR HELP,AND SOUGHT TO RECTIFY THESE
MATTERS ONLY TO HAVE THE DEFENDANTS EXPRESS DELIBERATE INDIFFERENCE TO HIS
PLIGHT. WHICH CLEARLY ESTABLISHES A DEPRIVATION AND THE FACT THAT THESE
OFFICIALS WERE DELIBERATELY INDIFFERENT TO HIS PLIGHT. WILSON V. SEITER,
501 U.S. 294, 303, 111 S.Ct. 2321,   115 L.Ed. 2d. 271 (1991). PLAINTIFF
HAS CLEARLY MET THE EXTREME INDIFFERENCE PRONG OF WILSON,. FOR THE DEFENDANTS
HAVE ALL BEEN MADE AWARE OF AND DISREGARDED THE EXCESSIVE RISK OF THE PLAINTIFFS
HEALTH AND SAFETY AND ARE BOTH AWARE OF THE FACTS WHICH THE INFERENCE COULD
BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXIST AS SET FORTH IN FARMER
V. BRENNAN, 511 U.S. 825, 837   114 S.Ct. 1970   128 L.Ed. 2d. 811 (1994).

IN SPITE OF ALL THIS,THE DEFENDANTS FAILED TO RECTIFY THE DEFICIENCIES
AND FAILED TO ENSURE THAT APPROPRIATE FOOD HANDLING PRACTICES,AND THAT IT
KNOWINGLY PROVIDES FOOD TO DETAINEE'S THAT IS SO UNSANITARY THAT IT PRESENTS
AN IMMEDIATE RISK TO THE PLAINTIFFS HEALTH.IN A MANNER THAT SMACKS OF
1). INHUMANE CONDITIONS OF CONFINEMENT.  2). DELIBERATE INDIFFERENCE.
3). VIOLATIONS OF THE PLAINTIFFS FIRST AMENDMENT FREE EXERCIZE CLAUSE.
4). RLUIPA VIOLATIONS.  5). CLAIMS OF RETALIATION AGAINST THE PLAINTIFF

-9-

FOR EXERCIZING HIS FIRST AMENDMENT RIGHTS, AND BEING A KASHRUT OBSERVANT

Messianic Hebrew , WHO PRACTICES Kashrut Diet                        .

Respectfully Submitted,

/s/ _Thomas J. Powers_

Thomas J. Powers

17019 County Farm Road
Rushville,Illinois 62681
(217) 322-3204

-10-